IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION

        Plaintiff,

v.                                                Case No. 12-2159-JTM

THE MIDDLE MAN, INC. and
BRIAN K. VAZQUEZ,

        Defendant.

MEMORANDUM AND ORDER

The court has before it the defendants' Motion to Dismiss or Strike (Dkt. No. 16). The defendants contend that (1) this court lacks subject matter jurisdiction because the contracts at issue require arbitration; (2) the Complaint lacks sufficient factual assertions to put the defendants on notice of the claim or allow them to respond; and (3) the court should strike several paragraphs of the Complaint, characterized by the defendants as "prolix and prejudicial." The plaintiff, Sprint Nextel Corp., argues that (1) subject matter jurisdiction is proper, and if arbitration is required, then this court should stay the proceedings rather than dismiss them; (2) it has plead sufficient facts on all counts; and (3) the defendants have not made a proper showing to warrant granting the Motion to Strike. For the following reasons, the court denies the defendants' Motion.

I. Factual Background

Sprint Nextel Corp. claims that Brian K. Vazquez and his company The Middle Man, Inc. have been and are now engaged in an unlawful business practice that includes bulk purchase and resale of Sprint phones, theft of Sprint's subsidy investment

in the phones, unlawful access of Sprint's protected computer systems and wireless network, trafficking of Sprint's protected and confidential computer passwords, and willful infringement of Sprint's trademarks.

Sprint alleges that the defendants acquire large quantities of Sprint phones (1) from Sprint and/or its authorized dealers, and (2) through soliciting other co-conspirators to purchase Sprint phones in large quantities for the defendants' benefit. Part of the defendants' scheme requires the original purchaser of each phone to break its service contract with Sprint by refusing to pay the bill or cancelling Sprint's services. According to Sprint, the defendants disable the manufacturer-installed software in the phones that would otherwise restrict the phones access exclusively to Sprint's wireless system. This "hacking" or "unlocking" allows the defendants to resell the phones at a premium without requiring its customers to sign up for a Sprint service contract.

Sprint buys its phones from the manufacturer and then sells the phones at a discounted price, subsidizing the discount. Sprint recoups this subsidy by restricting the phones through software so they may only be used on Sprint networks and requiring every phone purchaser to sign up for a contract. Sprint claims when defendants unlock the phones and resell them, the defendants are committing a theft by preventing Sprint from recouping its subsidy costs. Sprint alleges that the defendants sell the illegally unlocked phones as new and under the Sprint trademarks. Sprint also alleges that by reselling the phones in foreign countries where wireless providers do not subsidize mobile phones, the defendants are able to sell the phones at below-market prices that are substantially higher than those charged in the United States.

Sprint claims that the defendants make misrepresentations in order to induce Sprint to activate phones on its wireless telecommunications network, which gives defendants unauthorized access to Sprint's protected computer networks. Sprint claims that by purchasing and selling Sprint phones, the defendants are illegally trafficking in the confidential codes contained in the phones that allow access to Sprint's networks and facilitating the improper access of Sprint's telecommunications network.

Sprint alleges that defendants' conduct causes Sprint to lose millions of dollars. Sprint asserts the following claims against defendants: Count I breach of contract; Count II common law unfair competition; Count III tortious interference with business relationships and prospective advantage; Count IV civil conspiracy; Count V unjust enrichment; Count VI conspiracy to induce breach of contract; Count VII common law fraud; Count VIII fraudulent misrepresentation; Count IX trafficking in computer passwords under 18 U.S.C. § 1030(a)(6); Count X unauthorized access under 18 U.S.C. § 1030 (a)(5)(C); Count XI unauthorized access with intent to defraud under 18 U.S.C. § 1030(a)(4); Count XII federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); and Count XIII contributory trademark infringement.

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and may exercise their power only when specifically authorized to do so. *Castanedo v. Immigration Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States. 28

U.S.C. § 1331. Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based upon a court's lack of subject matter jurisdiction. When analyzing a Rule 12(b)(1) motion to dismiss, the court presumes it lacks subject matter jurisdiction until the plaintiff can prove otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Sprint alleges several violations of federal law, each of which gives this court jurisdiction under 28 U.S.C. § 1331. However, the defendants argue that the Terms & Conditions agreement at issue requires arbitration between the parties, destroying this court's jurisdiction. Sprint has filed a Notice of Filing Demand for Arbitration (Dkt. 22), but defendants have refused to arbitrate (*See* Dkt. 26). As a result, defendants' argument that Sprint must attempt arbitration is moot. The Motion to Dismiss based on lack of subject matter jurisdiction is, therefore, denied.

### III. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566

F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223–24. The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

In the case at hand, the court finds that the Complaint provides sufficient factual allegations to justify allowing the plaintiff to offer evidence in support of its claims. Each count asserted against defendant in the Complaint is sufficiently supported by the facts, as plead by Sprint. Furthermore, the Complaint gives the defendants adequate notice of Sprint's claims and the basis for them. *See Swierkiewicz,* 534 U.S. at 512. Sprint's Complaint did not simply list the elements of each claim and conclude they were met. *See Iqbal*, 556 U.S. at 678. The Complaint went well beyond an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Rather, the Complaint first explained in detail the extent of the defendants' alleged misconduct and then established how that misconduct fits into the elements Sprint's claims.

Taking these alleged facts as true and viewing them in the light most favorable to the plaintiff, this court finds that each count listed in the Complaint is facially plausible. The defendants' Motion to Dismiss for failure to state a claim is, therefore, denied.

**IV. Motion to Strike**

Upon motion of a party or upon its own motion "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike, however, are disfavored. *Falley v. Friends University*, 787 F. Supp. 2d 1255, 1257 (D. Kan. April 14, 2011). The court should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party. *Id.*

Defendants argue that several paragraphs in the Complaint should be stricken because they are "prolix, [ ] conclusory, compound, irrelevant, and ambiguous allegations that are prejudicial to Defendants." (Dkt. 16, pg. 11–17). This court disagrees. The Complaint includes thirteen counts based on the same set of facts. Given the high pleading standards required by Rule 8 and the complexity of the claims, the Complaint is necessarily thorough rather than "prolix" and "compound." None of the paragraphs at issue were "completely unrelated to the controversy," and the defendants fail to show how they are prejudiced by the Complaint. *See Falley*, 787 F. Supp. 2d at 1257. Therefore, the Motion to Strike is denied.

IT IS ACCORDINGLY ORDERED this 16th day of October 2012, that defendants' Motion to Dismiss or Strike (Dkt. No. 16) is denied for the reasons stated herein.

                                          s/J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE