IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                                          Case No. 12-2159-JTM

THE MIDDLE MAN INC., AND
BRIAN K. VASQUEZ,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on Middle Man's Motion to Certify Class (Dkt. 81). Having considered the briefs and the evidence submitted in this matter, the court denies Middle Man's motion.

## I. Relevant Background

Sprint regularly contracts with consumers of new wireless phones and these contracts require, in relevant part:

> **Nature of our Service.** Our rate plans, customer devices and features are not for resale and are intended for reasonable and non-continuous use by a person using a device on Sprint's networks.

Dkt. 1, Ex. A at 2. Sprint filed suit alleging, among other claims, that Middle Man induces Sprint customers to breach their contract with Sprint by reselling their phones in violation of this provision.

Middle Man argues that this provision, along with Sprint's suit, affects the validity of its business model. In a counterclaim, Middle Man seeks declaratory relief

that "consumers purchasing new wireless phones originally programmed to operate on the Sprint network are not precluded by the terms and conditions that accompany those phones from reselling the phones to members of the class." Dkt. 82 at 4. Middle Man moves for class certification on its counterclaim on behalf of itself and a proposed class of "all individuals and entities nationwide engaged in the retail sale of pre-owned wireless mobile phones originally programmed to operate on the Sprint network . . . [excluding] authorized Sprint dealers." Dkt. 81 at 1. Middle Man contends that it has met all requirements of FED. R. CIV. P. 23 and is entitled to class certification pursuant to FED. R. CIV. P. 23(b)(2).

Sprint filed a motion to deny class certification nearly three weeks before Middle Man filed its motion for class certification. After Middle Man filed a motion for class certification, Sprint responded, reiterating its earlier objections to class certification. Sprint contends that Middle Man lacks standing to sue because Middle Man is not party to the contract between Sprint and new wireless phone consumers. Sprint argues that the court lacks subject matter jurisdiction over the declaratory judgment claim because the Declaratory Judgment Act does not grant such jurisdiction. Sprint also argues that joinder is improper because Middle Man is attempting to exercise a counterclaim that cannot be used as a vehicle for class certification. Further, Sprint contends that Middle Man has not met any of the burdens for class certification set out in FED. R. CIV. P. 23(a) or 23(b).

## II. Analysis

The court holds that Middle Man has standing to pursue the certification, the court has subject matter jurisdiction over the claim, and joinder of class members is appropriate. However, Middle Man has not provided a reasonable estimate of the size of the class and, therefore, does not meet FED. R. CIV. P. 23(a)'s numerosity requirement for its class action. Finding class certification inappropriate at this time, the court does not address whether Middle Man's putative class would meet FED. R. CIV. P. 23(b)'s requirements.

### A. Middle Man Has Standing to Pursue the Class Action Certification of the Counterclaim

The judicial power of federal courts is limited to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (stating that those seeking to invoke the federal court's authority "must allege an actual case or controversy."). A party must have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr*, 369 U.S. 186, 204 (1962). Standing requirements must be supported in the same way as any other matter on which a party bears the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, (1992). The alleged injured party will be subject to the same manner and degree of evidence as required of him at each successive stage of litigation. *Lujan*, 504 U.S. at 561 (1992). Purported class representatives who do not have Article III standing to pursue the class claims fail to

meet the requirements of FED. R. CIV. P. RULE 23. *See Rector v. City & Cnty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003). In that instance, certification will be denied. *See e.g. O'Shea*, 414 U.S. at 493.

Although Middle Man's claim seeks a declaratory judgment, the Declaratory Judgment Act does not, by itself, confer jurisdiction on federal courts. *Rector*, 348 F.3d at 946 (citing *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239-41 (1937)). Instead, a party invoking federal jurisdiction must demonstrate that three elements exist:

> (1) injury in fact—meaning the invasion of a legally protected interest that is
>
>> (a) concrete and particularized, and
>>
>> (b) actual or imminent, not conjectural or hypothetical;
>
> (2) a causal relationship between the injury and the challenged conduct-meaning that the injury can fairly be traced to the action of the defendant; and
>
> (3) a likelihood that the injury will be redressed by a favorable decision—meaning that the prospect of obtaining relief from . . . a favorable ruling is not too speculative.

*Id.* at 942 (citing *Lujan*, 504 U.S. at 561).

This court has previously determined that a controversy supporting Middle Man's standing exists on this claim. *See* Dkt. 85 at 5. Here, Middle Man has suffered an injury in fact, because the contract between Sprint and its consumers allegedly prohibits the consumers from selling their Sprint phones to Middle Man. Sprint filed this case against Middle Man based on this contract. If Sprint's claims are correct, Middle Man cannot sell used Sprint phones, an actual—not hypothetical—injury. Likewise, the

4

conduct is readily traceable to Sprint's actions; Sprint is suing Middle Man based on the contract provision at issue. Sprint essentially argues that it has standing to sue Middle Man for inducing breaches of the contract, but Middle Man has no standing to challenge the very contract Sprint's claims are based on. The court is not persuaded by this argument. Middle Man has standing to bring a claim forward for class certification.

### B. The Court Has Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Gilkey v. Prot. One Alarm Monitoring, Inc.*, 2013 WL 1309027 *3 (D. Kan. Mar. 29, 2013). The Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, does not extend subject matter jurisdiction to cases in which the court has no independent basis for jurisdiction. *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671-72 (1950)). Section 2201 of the Act confers only a remedy. *Fry Brothers Corp. v. Dep't of Hous. and Urban Dev.*, 614 F.2d 732, 733 (10th Cir. 1980). Under FED. R. CIV. P. 13(a), however, a compulsory counterclaim derives its jurisdiction from the same source as the original claim. *U.S. ex rel. W. Extralite Co. v. Mohan Const., Inc.*, 2012 WL 907088 at *5 (D. Kan. Mar. 15, 2012) (citing *Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974)). When the court has subject matter jurisdiction over the original claims, it need not dismiss counterclaims for lack of subject matter jurisdiction. *See id.* Rule 13(a) defines a counterclaim as compulsory if it arises out of the same "transaction or occurrence that is the subject matter of the original claim." FED. R. CIV. P. 13. The terms "transaction" and "occurrence" are interpreted realistically to resolve all related controversies in one action. *Mohan Const., Inc.*, 2012 WL 907088 at *5.

> To determine whether the counterclaim arises out of the same transaction or occurrence, courts must consider the following factors: (1) whether the issues and facts raised by the claim and counterclaim are generally the same, (2) whether a subsequent suit on the counterclaim would be barred by res judicata, (3) whether the parties will use substantially the same evidence to support or refute both the claim and the counterclaim, and (4) whether any logical relation between the claim and the counterclaim exists.

*Id.*

Here, there is no question that the court has subject matter jurisdiction over Sprint's claims of breach of contract against Middle Man. In defending that claim, Middle Man is seeking a declaratory judgment on the contractual language at issue. This defensive claim is a compulsory counterclaim because it arises out of the same transaction and occurrence as the breach of contract claim asserted by Sprint. *See* FED. R. CIV. P. 13(a).

The class claim for declaratory relief has a significant relationship as to whether Sprint is entitled to judgment in this case. There is a nexus between the issues of fact and law raised by the principle claim and the counterclaim; thus, the first element required for a compulsory counterclaim is fulfilled. *See Mohan Const., Inc.*, 2012 WL 907088 at *5. Next, if Middle Man did not request a declaratory judgment as to the contract language, and if Sprint were to obtain a favorable verdict for its breach of contract claim, Middle Man would be precluded from relief, fulfilling the second element. Additionally, the claims of both parties require the interpretation of the same contract, so the evidence on each claim would be the same. Finally, the logical relationship is obvious between a breach of contract claim and a request from the opposing party for a declaratory judgment regarding the language of the contract. The

6

court has subject matter jurisdiction over the counter claim because it has jurisdiction over Sprint's breach of contract claim. *See id.*

**C. Joinder of the Class Members Is Not Prevented By Rule 13**

Sprint contends Rule 13 governs counterclaims and does not allow non-parties to interject their claims against a current party. The court finds this argument unpersuasive. The plain language of Rule 13(h) states that Rules 19 and 20 govern the addition of a person as a party to a counterclaim. FED. R. CIV. P. 13; *Hyplains Dressed Beef, Inc. v. EE Operating Corp.*, 142 F.R.D. 174, 176 (D. Kan. 1992). Rule 19 provides the authority for joining necessary parties, where feasible, for the just adjudication of a dispute. *Babb v. Mid-Am. Auto Exch., Inc.*, 2006 WL 2714273 (D. Kan. Sept. 22, 2006) (citing *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1097 n. 8 (10th Cir.2003)). However, Rule 19(d) states that it "is subject to the provisions of Rule 23." Thus, class actions are exempted from the joinder requirements set out in Rule 19. 7 FED. PRAC. & PROC. CIV. § 1626 (3d ed.). This means that Rule 13—which refers to Rule 19 on this issue—does not prevent joining members of a class based on a counterclaim.

**D. Denial of Class Action Certification**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 2013 WL 3389469 at *2 (10th Cir. July 9, 2013) (quoting *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011)). Class certification lies within the discretionary powers of the trial court. *See Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008). In order to grant class certification, the court

must conduct a rigorous analysis that may overlap with the merits of the movant's underlying claims. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194, 185 L. Ed. 2d 308 (2013) *(*citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). However, the court may only consider a claim's merits to determine whether the movant has met the prerequisites for class action certification. *Amgen Inc.*, 133 S. Ct. 1184, 1194–95 (2013).

The party moving for class certification must clearly satisfy the requirements of Rule 23. *See Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Merely alleging that the prerequisites are met is insufficient to satisfy this burden. *Dukes*, 131 S. Ct. at 2551 (stating that "Rule 23 does not set forth a mere pleading standard."). The moving party must "affirmatively demonstrate" that the prerequisites for Rule 23 exist "in fact." *Id*. To meet this burden, the movant must show:

> (1) the class is so numerous that joinder of all members is impracticable (numerosity);
> (2) there is a question of law or fact common to the class (commonality);
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).

*Roderick Revocable Living Trust*, 2013 WL 3389469 at *2 (citing FED. R. CIV P. 23(a)). If the movant has satisfied all of the Rule 23(a) elements, then the movant must establish that the proposed class action fits within one of the categories under Rule 23(b*). Id.* If one of the Rule 23(a) elements is not satisfied, the court may not certify the class. *See* FED. R. CIV P. 23(a).

The court holds that Middle Man fails to meet the numerosity requirement of Rule 23(a). Accordingly, the court does not analyze commonality, typicality, or adequacy of representation and denies class certification.

There is no standard formula to determine when the class is too numerous to make joinder impracticable. *Trevizo*, 455 F.3d at 1162 (citation omitted); *Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980) (explaining that numerosity "requires examination of the specific facts of each case" but "imposes no absolute limitations."). The court has wide discretion in making this determination. *Trevizo*, 455 F.3d at 1162 (10th Cir. 2006). Class actions have been deemed viable in instances where as few as 17 to 20 persons are identified as the class. *Rex v. Owens ex rel. State of Okl.*, 585 F.2d 432, 436 (10th Cir. 1978) (citing *Arkansas Educational Ass'n v. Bd. of Educ.*, 446 F.2d 763 (8th Cir. 1971)). In class action suits there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement. *Id.* "The determination is to be made in the particular circumstances of the case." *Id.* "The duty of establishing those particular circumstances rests with the party who asserts the existence of the class and that party must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Id.* (citing MOORE'S FEDERAL PRACTICE, § 23.05(3)).

Middle Man has not established the numerosity element because it does not present enough facts to show the proposed class is too numerous to be joined. Middle Man alleges that the class is comprised of "scores of individuals and entities" and

9

similarly situated defendants, but can specifically point to only four defendants in other federal jurisdictions where Sprint has filed seemingly identical complaints. (Dkts. 82 at 6 & 82-1). Based on these facts, the purported class could contain hundreds, thousands, or just four similarly situated individuals and companies. Middle Man only specifically points to four other similarly situated parties—the other defendants Sprint has sued— but provides no evidence that joinder of these parties would be impracticable. The court finds that this amount is too small to be presumptively impracticable. And Middle Man's general allegations of "scores" of other parties provide too few facts for the court to conduct the necessary specific inquiry. *See Rex*, 585 F.2d at 436.

The court holds that Middle Man has not provided a reasonable estimate on the number of the purported class members and, therefore, has not established that the class is too numerous to be joined. This failure results in the denial of class certification.

### III. Conclusion

The court finds that the defendant has standing to pursue class certification. The court also finds that it has subject matter jurisdiction over the declaratory judgment class action claim and joinder of class members would not be prohibited by Rule 13. However, the court finds that defendant has not provided a reasonable estimate of the class size. Therefore, the court denies defendant's Motion to Certify Class. As a result, Sprint's Motion to Deny Class Certification (Dkt. 74) is moot.

IT IS THEREFORE ORDERED this 24th day of July, 2013, that Middle Man's Motion to Certify Class (Dkt. 81) is denied. Sprint's Motion to Deny Class Certification (Dkt. 74) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE