IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sprint Nextel Corporation,

        Plaintiff,

v.                                                      Case No. 12-2159-JTM

The Middle Man, Inc., and
Brian K. Vazquez,

        Defendants.

MEMORANDUM AND ORDER

The court has before it Sprint Nextel Corporation's Motion for Reconsideration (Dkt. 107). After reviewing the parties' briefs, the court is prepared to rule.

## I. Background

At issue before the court is whether Sprint's Terms and Conditions prohibit the resale of new wireless phones originally programmed to operate on the Sprint network. The Terms and Conditions contract agreed to by Sprint customers states:

> **Restrictions on Using Services.**
> You can't use our Services: (a) in a way that could cause damage or adversely affect any of our other customers or our reputation, networks, property or Services; or (b) in any way prohibited by the terms of our Services, the Agreement, or our Policies. You cannot in any manner resell the Services to another party.

Dkt. 1, Exh. 1 at 6. On the last page of the Terms and Conditions, under the heading "Other Important Terms," the same language is found: "You cannot in any manner resell the Services to another party." *Id.* at 12.

The contract includes a "Basic Definitions" section, which provides the following definitions:

> "Service" means Sprint branded or Nextel branded offers, rate plans, options, wireless services, billing services, applications, programs, products, or Devices on your account with us.

*Id.* at 5.

> "Device" means any phone, aircard, mobile broadband device, any other device, accessory, or other product that we provide you, we sell to you, or is active on your account with us; . . .

*Id.*

In Count I of its counterclaim, Middle Man seeks a judgment "[d]eclaring that consumers purchasing new wireless phones originally programmed to operate on the Sprint network are not precluded by the terms and conditions that accompany those phones from reselling the phones to members of the Class." Dkt. 37, at p. 26.

The parties each filed a motion for judgment on the pleadings on Count I of Middle Man's counterclaim. The court granted Sprint's motion for judgment to the extent that the resale prohibition covers phones that are activated on the Sprint wireless network. The court also granted Middle Man's motion for judgment on Count I to the extent that it found the contract does not prohibit the resale of phones that are not active on the customer's Sprint account. Sprint filed its Motion to Reconsider (Dkt. 107) on November 14, 2013.

**II. Motion to Reconsider**

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is appropriate only if the court: (1) has

obviously misapprehended a party's position, the facts, or applicable law; (2) has mistakenly decided issues not presented for determination; or (3) the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In its order, the court began its analysis with the "Restrictions on Using Services" provision of the Terms and Conditions, which states: "You cannot in any manner resell the Services to another party." The court then referred to the definition section, finding that "Service" includes, among other things, "Devices on your account with us." The court noted that the Terms and Conditions defines "Devices" to mean "any phone, aircard, mobile broadband device, any other device, accessory, or other product that we provide you, we sell to you, or is active on your account with us; . . ." Reading these definitions together, the court interpreted the contract to restrict only the resale of cell phones that are activated on Sprint's wireless network.

Sprint argues, correctly, that the court erred in its interpretation. As the court explains below, its interpretation resulted in a manifest error, which it must correct. The court grants Sprint's motion for reconsideration, and re-examines its order on the parties' motions for judgment on Count I of Middle Man's counterclaim.

3

**III. Legal Standard – Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is appropriate when the undisputed facts appearing in the pleadings and any facts subject to judicial notice entitle the moving party to judgment as a matter of law. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). A partial motion for judgment on the pleadings may be granted pursuant to Rule 12(c) in the same way that partial summary judgment may be granted pursuant to Rule 56. *See VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, 29 F. Supp. 2d 1253, 1258 (D. Kan. 1998). Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Documents attached to the pleadings are exhibits and are to be considered in deciding a Rule 12(c) motion. *Park Univ. Enters., Inc.*, 442 F.3d at 1244.

**IV. Analysis – Judgment on the Pleadings**

The parties have agreed that although there might be a hypothetical choice of law issue, the result is the same regardless of whether the court applies Kansas or federal contract interpretation rules. With no material discrepancies between Kansas law and federal law as to the principles of contract interpretation applicable here, this court need not decide the issue for the purposes of this motion. *See Henser v. Kephart*, 215 F.3d 1186, 1191 (10th Cir. 2000). With no dispute on the issue, the court applies Kansas law.

The construction of a contract is a matter of law to be resolved by the court. *Hart v. Sprint Commc'ns Co., L.P.*, 872 F. Supp. 848, 854 (D. Kan. 1994). In construing a written contract, the court's job "is to ascertain and effectuate the parties' intentions whenever possible." *Payless Shoesource, Inc. v. The Travelers Companies, Inc.*, 585 F.3d 1366, 1369 (10th Cir. 2009). "The intent of the parties and the meaning of a contract are to be determined from the plain, general, and common meaning of terms used." *Wood River Pipeline Co. v. Willbros Energy Servs. Co.*, 241 Kan. 580 738 P.2d 866, 871 (1987) (citations omitted). "[L]anguage used anywhere in the instrument should be construed in harmony with all provisions and not in isolation." *Id.* (citations omitted). Unless the contract is ambiguous, both the intention of the parties and the meaning of the contract must be determined exclusively from the instrument itself. *Park Univ. Enters., Inc.*, 442 F. 3d at 1244. "A written contract is not ambiguous unless two or more meanings can be construed from the contract provisions themselves." *Hart*, 872 F. Supp. at 854 (citing *Albers v. Nelson*, 248 Kan. 575, 809 P.2d 1194, 1197 (Kan. 1991)). "Where a contract is complete and unambiguous on its face, the court must determine the parties' intent from the four corners of the document, without regard to extrinsic or parol evidence." *Kay-Cee Enters.*, 45 F. Supp. 2d 840, 843 (D. Kan. 1999).

Although the definition of "Service" includes all devices on a customer's Sprint account, in its prior order the court interpreted this to mean the devices must be *active* on the Sprint wireless network. But the Terms and Conditions do not require the cell phone to be activated on the network before it can be considered a "service" subject to the resale prohibition. Any device that is on the customer's account is considered a

5

"service" according to the contract, and devices include any product—including phones—that Sprint provides or sells or is active on the customer's account. The phrase "active on the customer's account" does not require a product to be activated on the Sprint network to be considered a "device." Instead, this phrase defines one category of devices to include any phone that a customer did not buy or receive from Sprint but activated on his or her Sprint account. According to the Terms and Conditions, any phone provided or sold by Sprint is unambiguously considered a "device." The court incorrectly interpreted "active on the customer's account" to be a requirement for a device to be considered a service that cannot be resold. The definition of "service" includes "devices on your account with us," and makes no mention of the activation requirement found in the "device" definition.

Given the clear language found in the "Restrictions on Using Services" provision—"You cannot in any manner resell the Services to another party"—the court must grant judgment to Sprint. Count I of Middle Man's counterclaim asks for a judgment "[d]eclaring that consumers purchasing new wireless phones originally programmed to operate on the Sprint network are not precluded by the terms and conditions that accompany those phones from reselling the phones . . ." Sprint's Terms and Conditions unambiguously prohibit the resale of new wireless phones purchased from Sprint. A new wireless phone purchased from Sprint or received as a replacement or upgrade fits the contract's definition of a "device" because—in the language of Sprint's Terms and Conditions—it is a "phone . . . that we provide you, we sell to you, or is active on your account with us; . . ." A new wireless phone purchased from Sprint

is, necessarily, a device "on your account with us," falling into one category of the Terms and Conditions' definition of a "service." Sprint customers cannot resell Sprint's services to another party, according to the unambiguous Terms and Conditions. Accordingly, Sprint is entitled to judgment on the pleadings on Count I of Middle Man's counterclaim.

**V. Conclusion**

The court grants Sprint's Motion for Reconsideration (Dkt. 107), due to the clear error in the court's order on October 31, 2013 (Dkt. 106). In reconsidering the parties' motions for judgment on the pleadings, the court grants judgment to Sprint on Count I of Middle Man's counterclaim.

IT IS THEREFORE ORDERED this 25th day of February, 2014, that Sprint's Motion for Reconsideration (Dkt. 107) is granted.

IT IS ALSO ORDERED that Sprint's Motion for Judgment on the Pleadings (Dkt. 90) is granted and Middle Man's Motion for Judgment on the Pleadings (Dkt. 92) is denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE