IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S<span style="font-variant:small-caps">print</span> N<span style="font-variant:small-caps">extel</span> C<span style="font-variant:small-caps">orporation</span>,

        Plaintiff,

v.                                                Case No. 12-2159-JTM

T<span style="font-variant:small-caps">he</span> M<span style="font-variant:small-caps">iddle</span> M<span style="font-variant:small-caps">an</span>, I<span style="font-variant:small-caps">nc</span>., <span style="font-variant:small-caps">and</span>
B<span style="font-variant:small-caps">rian</span> K. V<span style="font-variant:small-caps">azquez</span>,

        Defendants.

MEMORANDUM AND ORDER

The court has before it the defendants' Motion to Certify Class (Dkt. 109) and Motion for Sanctions (Dkt. 110). After reviewing the parties' briefs, the court denies both motions for the following reasons.

**I. Background**

Sprint filed suit against defendants The Middle Man, Inc. and Brian K. Vazquez (owner of The Middle Man, Inc.) on March 14, 2012, alleging, among other things, breach of contract and trademark infringement. *See* Dkt. 1. The defendants filed their Motion to Dismiss on May 4, 2012, which the court denied on October 16, 2012. Dkts. 16 & 30. On November 7, 2012, the defendants filed an answer to Sprint's complaint, which included a counterclaim. Dkt. 37. Count I of the counterclaim sought a declaratory judgment that Sprint's Terms & Conditions cannot prevent a Sprint customer from reselling their Sprint phone. *Id.* at 20–21. Count II of the counterclaim sought a declaratory judgment that the defendants are not liable for trademark infringement for either reselling pre-owned Sprint phones that are labeled with the Sprint name and

trademark, or for identifying the network on which the pre-owned phone was originally programmed to operate. *Id.* at 21–22.

On Sprint's motion, the court dismissed Count II of the defendants' counterclaim, finding it redundant to their affirmative defenses. Dkt. 85. The court also granted judgment on the pleadings to Sprint on Count I of the defendants' counterclaim,[1] finding that Sprint's Terms & Conditions unambiguously restrict Sprint customers from reselling the phones they purchase from Sprint. Dkt. 118.

The defendants filed a motion seeking class certification on counts I and II of their counterclaim on November 27, 2013. Dkt. 109. They previously sought class certification solely on Count I, which the court denied for failing to meet the numerosity requirement of Federal Rule of Civil Procedure 23(a). *See* Dkts. 81 & 105. The defendants renew their motion and add Count II, arguing that they can now fulfill the numerosity requirement.

On the same day they filed their motion for class certification, the defendants also filed a Motion for Sanctions (Dkt. 110), which the court takes up at this time.

**II. Motion for Class Certification**

The court denies the defendants' motion seeking class certification for the simple reason that the claims on which defendants seek class certification are no longer in play. Defendants seek class certification on counts I and II of their counterclaim. However, as

---

[1] The court originally granted partial judgment to the defendants on Count I in its order dated October 31, 2013. Dkt. 106. On November 14, 2013, Sprint filed a Motion for Reconsideration (Dkt. 107) regarding this order. The court granted Sprint's motion, and in reconsidering the motion, granted judgment to Sprint on February 25, 2014. The defendants filed their Motion to Certify Class in the interim between Sprint filing its Motion for Reconsideration and the court's ruling on that motion.

2

stated above, the court granted judgment on the pleadings to Sprint on Count I and dismissed Count II as redundant to the defendants' affirmative defenses.

At the time the defendants filed this motion, the court had granted them partial summary judgment on Count I. However, the court recently granted Sprint's Motion for Reconsideration (Dkt. 107) and, in reconsidering the Motion for Judgment on the Pleadings (Dkt. 90), granted Sprint judgment on the pleadings on Count I. *See* Dkt. 118. Class certification would be inappropriate for a claim that has already been resolved.

The result is the same for Count II of the defendants' counterclaim. In their reply brief, the defendants admit that the court dismissed Count II for redundancy, but they request that the court "revise" this ruling "so that the Count can be asserted on behalf of the class." Dkt. 114, at 10. The defendants argue that the other class members "do not have the luxury of asserting the same affirmative defense," and so ought to be given the chance to join the counterclaim. This argument does not convince the court. Count II has been resolved and the court will not revive it for the sole purpose of justifying class certification.

The court's dispositive rulings on counts I and II effectively render the defendants' Motion for Class Certification moot. Accordingly, the court denies the motion.

**III. Motion for Sanctions**

The defendants seek sanctions against Sprint pursuant to Rule 11, arguing that Sprint knowingly alleged false facts in its complaint as part of a baseless litigation

3

scheme employed solely to drive competitors out of the market. The court denies the motion for the reasons below.

*A. Legal Standard*

When a party is represented by counsel, the Federal Rules of Civil Procedure require an attorney of record to sign "[e]very pleading, written motion, and other paper . . . ." FED. R. CIV. P. 11(a). In signing a filed document, an attorney certifies that "to the best of the person's knowledge, information, and belief," it is not brought for any improper purpose, the contentions are warranted by existing law and the factual contentions have evidentiary support or will likely have such support after discovery. FED. R. CIV. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c).

To avoid sanctions under Rule 11, an attorney must meet a standard of objective reasonableness. *Scott v. Boeing Co.,* 204 F.R.D. 698, 700 (D. Kan. 2002) (citing *White v. Gen. Motors, Inc.,* 908 F.2d 675, 680 (10th Cir. 1990)). An attorney's subjective good faith belief in the merit of an argument does not suffice to meet this standard. *Id.* (internal citation omitted). Instead, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White*, 908 F.2d at 680. It is within the discretion of the court to determine whether the claim or argument is warranted by law. *Augustine v. Adams,* 88 F. Supp. 2d 1169, 1174 (D. Kan. 2000) (internal citation omitted).

*B. Analysis*

In their motion, the defendants contend that Sprint has provided no facts in support of the allegations in its complaint and that Sprint has brought this lawsuit for the sole purpose of driving competitors out of the market. Both of these arguments fail.

Although the court finds certain factual allegations made by Sprint to be unsupported by the evidence, these allegations are immaterial to the claims. For example, in its breach of contract claim, Sprint alleged the defendants use "runners" to purchase phones on the defendants' behalf, entering into contracts with Sprint. Sprint has not provided any evidence that the defendants employ runners. However, the defendants' use of runners is not essential to Sprint's breach of contract claim. And Sprint has provided evidence that shows that defendant Brian Vazquez *personally* entered into contracts by purchasing Sprint phones, which Sprint alleges he sold in violation of the Sprint Terms and Conditions. Additionally, Sprint has advised the defendants that if discovery does not bear out its allegation of using runners, Sprint will consider amending its complaint to reflect that result.

In another example of the defendants' misplaced overstatements, they argue that Sprint accused them of selling phones overseas with no basis for such an allegation. The language of Sprint's complaint accuses the defendants of running a bulk purchase scheme that ultimately results with the phones they have sold being shipped overseas. The complaint does not directly assert that the defendants are selling phones overseas; rather, it holds the defendants indirectly responsible for such a result because of their actions. Interpreting the defendants' actions as fitting such a scheme was not

unreasonable for Sprint officials and attorneys, who have experience with precisely these types of activities. Additionally, the factual allegation of overseas sales is only present in Count Two of the complaint, which alleges unfair competition based on the defendants' taking advantage of Sprint's subsidy. This allegation does not rest on overseas sales but second-hand sales of Sprint phones in general, which is the admitted purpose of the defendants' business. Whether the defendants are responsible for overseas sales is not a requirement of Sprint's unfair competition claim.

The court understands the defendants' concern that Sprint is simply trying to run them out of business in order to decrease its competition. And if Sprint brought baseless claims for only that purpose, the motion for sanctions would be warranted. However, as the court explained when it denied the defendants' motion to dismiss, Sprint has alleged facts that state proper legal claims. Further, Sprint has provided enough facts to overcome allegations of a spurious lawsuit. Even if Sprint's true purpose were to close down a competitor, it is not subject to sanctions so long as it provides an objectively reasonable claim.

Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation . . . ." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). The defendants have not shown that Sprint's claims meet any of these criteria. Accordingly, the court denies the motion.

Finally, the court notes that Sprint has requested an award against the defendants for expenses and fees incurred in opposing the motions, as warranted by

Rule 11(c)(1)(A). The court denies this request and recommends that the parties opt for a more civil manner of litigation in this case than the eye-for-an-eye style so apparent in recent briefs.

IT IS THEREFORE ORDERED this 18th day of March, 2014, that Middle Man's Motion to Certify Class (Dkt. 109) and Motion for Sanctions (Dkt. 110) are each denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE