IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                      Case No. 12-2159-JTM

THE MIDDLE MAN, INC., AND
BRIAN K. VAZQUEZ,

        Defendants.

MEMORANDUM AND ORDER

The court has before it The Middle Man Inc.'s Motion to Alter or Amend Judgment. (Dkt. 120). The motion is fully briefed, and the court is prepared to rule.

## I. Background

On May 7, 2013, Sprint moved for partial judgment on the pleadings (Dkt. 90). Sprint's motion was directed at count I of the Middle Man's amended counterclaims, which sought a declaration "that consumers purchasing new wireless phones originally programmed to operate on the Sprint network are not precluded by the terms and conditions that accompany those phones from reselling the phones to members of the Class."

In response, on May 28, 2013, Middle Man filed a cross motion for partial judgment on the pleadings (Dkt. 92), which also focused on count I. On October 31, 2013, the court entered an Order (Dkt. 106) denying Sprint's motion, granting Middle Man's cross motion, and entering judgment in favor of Middle Man on count I of its counterclaims. Sprint promptly moved for reconsideration. On February 25, 2014, the

court entered an Order (Dkt. 118) granting Sprint's motion for reconsideration and granting judgment on the pleadings in favor of Sprint. Middle Man challenges the court's latest ruling in its motion to alter or amend.

Middle Man argues the court "improperly presumed that Sprint's terms and conditions constitute a binding contract, when this remains a disputed fact for trial." Middle Man does not seek to change the court's interpretation of the terms and conditions. Rather, Middle Man argues in its motion to alter or amend that Sprint is not entitled to judgment on the pleadings on count I of Middle Man's counterclaims because "there was and remains a material fact to be resolved; whether Sprint's terms and conditions are binding on its customers." Middle Man claims that if the terms and conditions are not binding, the interpretation of those terms and conditions do not matter.

**II. Legal Standard**

A motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) is appropriate to alter a judgment; however, the order for which Middle Man seeks to alter or amend did not result in the entry of judgment. "Nonetheless, it is well within the court's discretion to revise an interlocutory order at any time prior to the entry of final judgment. *Johnson v. Simonton Bldg. Properties, Inc.*, No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009). "Consequently, the court will treat the motion as a motion for reconsideration based on the court's inherent power to review its interlocutory orders." *Id.*

A motion to reconsider may be granted to correct manifest errors or in light of newly discovered evidence. Such a motion is appropriate only if the court: (1) has

obviously misapprehended a party's position, the facts, or applicable law; (2) has mistakenly decided issues not presented for determination; or (3) the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC,* 846 F. Supp. 1482, 1483 (D. Kan. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

### III. Analysis – Motion to Alter or Amend

The court denies Middle Man's motion to alter or amend because the arguments it asserts come too late. Middle Man failed to raise the issue that a material fact remains in dispute, even though it had ample opportunity to do so during the briefing. Instead, this is the first time Middle Man has argued there is a factual issue in dispute; whether Sprint's terms and conditions are binding on its customers. "It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Johnson*, 08-2198, 2009 WL 902409 at *2.

The court did not misapprehend Middle Man's position. In Middle Man's cross motion for judgment on the pleadings and reply, Middle Man stated that the question was "whether the standard terms and conditions included with every phone programmed to operate on the Sprint wireless network preclude a consumer from selling the phone to a company such as Middle Man." In Middle Man's response to Sprint's motion to reconsider, it did not argue a factual issue remains in dispute. Rather,

3

Middle Man asserted that count I of its counterclaim presented to the court "a purely legal issue of contract interpretation." Despite previous opportunities to do so, Middle Man did not argue the existence of disputed facts until its current motion. In the interest of judicial efficiency, the court cannot allow a new argument at this stage.

Middle Man points to a supplemental memorandum of law where it introduced the argument of whether the contract is binding. However, as Sprint noted in its response to this motion, the argument was raised in a different context. The supplemental memorandum was raised in response to Sprint's motion for preliminary injunction, which does not relieve Middle Man of its obligation to raise the issue in relation to the judgment on the pleadings.

The Court did not commit manifest error in its decision, nor is there newly discovered evidence to evaluate justifying reconsideration. Middle Man failed to raise its argument during one of the two previous rounds of briefing on this issue and cannot advance it now. Thus, Middle Man's motion to alter or amend is denied.

IT IS THEREFORE ORDERED this 11th day of June, 2014, that Middle Man's Motion to Alter or Amend (Dkt. 120) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE