IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                      Case No. 12-2159-JTM

THE MIDDLE MAN, INC., and
BRIAN K. VAZQUEZ,

        Defendants.

**MEMORANDUM AND ORDER**

Before the court is plaintiff Sprint Nextel Corporation's ("Sprint") Motion for Entry of Final Judgment on Count I and Voluntary Dismissal of Remaining Claims With Prejudice (Dkt. 153). As discussed below, the order is granted in part and denied in part.

**I. Background**

The court finds that the parties are well-acquainted with the facts of this case. Therefore, a dissertation thereof is unnecessary. The relevant procedural history is as follows. On March 14, 2012, Sprint filed a thirteen-count complaint against defendants The Middle Man, Inc. and Brian K. Vazquez. (Dkt. 1). On December 9, 2014, the court granted partial summary judgment in favor of Sprint on liability only for Count I: Breach of Contract. (Dkt. 151). The court determined that a genuine dispute of material fact existed as to Sprint's claim for $2,864.29 in damages for the breach of contract. (Dkt. 151, at 8).

## II. Analysis

### A. Final Judgment on Count I

"Every judgment and amended judgment must be set out in a separate document . . . ." FED. R. CIV. P. 58(a). Several enumerated exceptions to this general rule are stated in Rule 58(a), none of which are relevant to this case. "A party may request that judgment be set out in a separate document as required by Rule 58(a)." FED. R. CIV. P. 58(d). "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). "[A] grant of partial summary judgment limited to the issue of [defendant's] liability . . . are by their terms interlocutory." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). Such grants are not judgments under the Rules "where assessment of damages or awarding of other relief remains to be resolved . . . ." *Id.*

Here, the court granted partial summary judgment in favor of Sprint on liability only for breach of contract (Dkt. 151). Judgment on liability only is not a judgment for purposes of Rule 58(a). Therefore, it is improper to enter a judgment pursuant to Rule 58 on liability only for breach of contract.

### B. Voluntary Dismissal of Remaining Claims With Prejudice

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

FED. R. CIV. P. 41(a)(2). Here, plaintiff moves to voluntarily dismiss all claims other than Count I. Defendants have no counterclaims pending and make no objection to this

2

motion. Therefore, the motion to dismiss all claims other than Count I, breach of contract, is granted.

**C. Summary Judgment on Damages for Breach of Contract**

After studying the developed record in this matter, the court advises the parties that it is considering the entry of summary judgment in favor of Sprint for nominal damages pursuant to Rule 56(f)(3). "After giving notice and a reasonable time to respond, the court may: . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." FED. R. CIV. P. 56(f). Summary judgment is proper if "there is no genuine dispute as to any material fact" and a party is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party resisting summary judgment may not rely upon mere allegations or denials contained in its pleadings or briefs. *Id.* at 256. Rather, such party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Id.* Summary judgment may be granted if the opposing party's evidence is merely colorable or is not significantly probative. *Id.* at 249–50. The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts

showing that there is a *genuine issue for trial.*'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in *Matsushita*).

<u>1. Nominal Damages for Breach of Contract Under Kansas Law</u>

Under Kansas law, a plaintiff who establishes liability for breach of contract is entitled to recover at least nominal damages. *Freeto Constr. Co. v. American Hoist & Derrick Co.*, 457 P.2d 1, 6 (Kan. 1969); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 346(2); *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 840 F. Supp. 1433, 1440-41 (D. Kan. 1993). The Restatement states the rule as follows: "If the breach caused no loss or if the amount of the loss is not proved under the rules stated in this Chapter, a small sum fixed without regard to the amount of loss will be awarded as nominal damages." RESTATEMENT (SECOND) OF CONTRACTS § 346(2).

Here, the court granted partial summary judgment on liability for breach of contract (Dkt. 151). Sprint now argues only nominal damages, to which it is entitled under Kansas law. The court finds no genuine dispute of material fact exists as to nominal damages; there is therefore no issue for trial on breach of contract. The court grants summary judgment in favor of Sprint for nominal damages.

Further, the court finds that the parties have extensively briefed – and are aware of the relevant facts and issues related to – the issue of damages. Thus, a matter of days, rather than weeks, is "a reasonable time to respond" pursuant to Rule 56(f). Accordingly, defendants are granted to and including January 19, 2015, to respond to this order and set forth any ground, legal or factual, in opposition to the entry of summary judgment on breach of contract for nominal damages. Failure to provide a

4

timely response will result in the entry of summary judgment on behalf of Sprint without additional prior notice to defendants.

IT IS ACCORDINGLY ORDERED this 13th day of January, 2015, that plaintiff's motion (Dkt. 153) is denied to the extent that plaintiff seeks entry of a final judgment on Count I, and granted to the extent that all other claims, Counts II – XIII, are dismissed with prejudice.

IT IS FURTHER ORDERED that the parties are notified that the court is considering the entry of summary judgment in favor of plaintiff pursuant to Rule 56(f)(3). Accordingly, defendants are granted to and including January 19, 2015, to respond to this order.

                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE