IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                                Case No. 12-2159-JTM

THE MIDDLE MAN, INC., and
BRIAN K. VAZQUEZ,

        Defendants.

## MEMORANDUM AND ORDER

Before the court is defendant The Middle Man, Inc.'s ("Middle Man") Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). (Dkt. 170). This action arises out of the resale of subsidized phones purchased from plaintiff Sprint Nextel Corporation ("Sprint") subject to Terms and Conditions ("Terms"). As discussed below, the motion is denied.

### I. Background

Sprint filed a thirteen-count complaint against defendants Middle Man and Brian K. Vazquez on March 14, 2012, alleging that defendants unlawfully resold phones purchased on a Sprint customer account in connection with 24-month service commitments. (Dkt. 1). On November 7, 2012, Middle Man filed a five-count Amended Counterclaim on behalf of a putative class. (Dkt. 37). The court granted Sprint's Motion to dismiss Counts II-V of the Amended Counterclaim; Count I sought declaratory judgment that the Terms do not prohibit purchasers from reselling Sprint phones. (Dkt.

85). Sprint moved for judgment on the pleadings as to Count I of the Amended Counterclaim. (Dkt. 90). On February 25, 2014, the court ruled in Sprint's favor, interpreting the Terms as prohibiting the resale of new phones purchased on a customer's Sprint account. (Dkt. 118, at 6-7).

On July 30, 2014, Sprint moved for partial summary judgment on Count I against Middle Man for breach of contract and Count III for tortious interference with a contract. (Dkt. 140). The court granted partial summary judgment on Count I, finding in favor of Sprint on liability for breach of contract because Middle Man resold subsidized Sprint phones shortly after purchasing them on its customer account. (Dkt. 151, at 7). The court granted Sprint's motion for voluntary dismissal of all other claims on January 13, 2015. (Dkt. 157). Sprint also waived substantial contract damages in favor of nominal damages. *Id.* The court granted summary judgment in favor of Sprint on its breach of contract claim for nominal damages on January 27, 2015, and the judgment became final. (Dkt. 166).

Middle Man timely filed this Rule 59(e) motion on February 24, 2015. (Dkt. 170).

## II. Legal Standard

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days of the entry of the judgment. FED. R. CIV. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. FG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling

law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539; *see also Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1309 (10th Cir. 2014) (denying as untimely an argument raised in a Rule 59(e) motion that Colorado law permitted a certain insurance policy provision where defendant previously argued only Minnesota law on the issue).

### III. Analysis

Middle Man argues that the court (1) should clarify the scope and legal characterization of the resale prohibition as interpreted by the court and (2) misapplied the law because the resale restraint is not enforceable.

**A. Effectuating Efficient Review Is Not Proper Grounds for Amending a Judgment**

Middle Man does not provide authority supporting its argument that the court may reconsider its interpretation of the Terms "[t]o effectuate an efficient review by the Tenth Circuit . . . ." (Dkt. 170, at 4). Middle Man does not argue that the court's interpretation of the scope of the restriction is a misapprehension of "the facts, a party's position, or the controlling law," that failure to amend the interpretation will result in manifest injustice, or that an intervening change in law or new evidence demands reconsideration. *Servants of Paraclete*, 204 F.3d at 1012. Therefore, defendant fails to show

that reconsideration of the scope of the resale restriction is warranted on its Rule 59(e) motion.

**B. Middle Man's Enforceability Arguments Are Untimely**

Middle Man argues that the court "misapplied the law by assuming the enforceability of a resale prohibition on goods that Sprint *sold*." (Dkt. 170, at 1) (emphasis in original). Specifically, Middle Man argues that it obtained the right to resell the phones by obtaining title thereto "free-and-clear" because the resale prohibition is an unlawful restraint on the alienation of goods and is therefore unenforceable. It argues that such a restraint violates common-law principles, evidenced by: (1) UCC § 2-403(1); (2) the first sale doctrine of copyright and trademark law; (3) section 301 of the Lanham Act; (4) sections 1 and 2 of the Sherman Act and section 3 of the Clayton Act; (5) the doctrine of patent exhaustion; and (6) general principles of contract and property law.

Middle Man has addressed the issue of its right to resell in relation to Sprint's breach of contract claim throughout this litigation. In doing so, it has consistently relied on contract interpretation to argue that it obtained the right to resell the phones because the resale restriction did not apply to phones. (Dkts. 37, 82, 93, 94, 108, 110, 149). Middle Man also argued that the restriction does not apply because the offer was never accepted. (Dkt. 120).

However, this is the first time Middle Man has argued that the restriction is an unenforceable restraint on alienation. It did not argue enforceability in its Motion to Dismiss Count I, (Dkt. 16), nor did it raise it as a defense in its Answer. (Dkt. 36).

Moreover, Middle Man already challenged the court's ruling interpreting the Terms under Rule 59(e), relying solely on interpretation arguments. (Dkt. 120, at 3-6).

Middle Man does not argue an intervening change in controlling law or newly discovered evidence, but only that the resale restriction is unenforceable. This argument could have been raised earlier, but was not; it is therefore not proper for the court to consider on Middle Man's Rule 59(e) motion.

IT IS ACCORDINGLY ORDERED this 14th day of April, 2015, that Middle Man's Motion (Dkt. 170) is DENIED.

s\ <u>J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE