IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

       Plaintiff,

v.                                 Case No. 2:12-cv-02159-JTM-KGS

THE MIDDLE MAN, INC., and
BRIAN K. VAZQUEZ,

       Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Sprint's motion to vacate its prior voluntary dismissal of claims. Dkt. 182.

**I. Summary of Proceedings.**

Sprint filed this action in May of 2012, seeking damages and injunctive relief against "The Middle Man, Inc.," a Kansas corporation, and its chief executive officer, Brian Vazquez. The complaint alleged an unlawful scheme by the defendants to acquire large quantities of Sprint cell phones from Sprint and others, to "unlock" the phones so they could be used on non-Sprint networks, and to resell the phones in the United States and abroad. Sprint alleged that it subsidized the cost of these phones and had manufacturers install "locking" software in them so Sprint could offer the phones at a discount to customers, with the understanding that customers would thereafter pay to use the Sprint wireless network and Sprint could recoup its expenses.  According to the

complaint, defendants' scheme deprived Sprint of profits and its ability to recoup its expenses.

Sprint's 31-page complaint asserted claims for: 1) breach of contract; 2) common law unfair competition; 3) tortious interference with prospective business advantage; 4) civil conspiracy; 5) unjust enrichment; 6) conspiracy to induce breach of contract; 7) common law fraud; 8) fraudulent misrepresentation; 9) unlawful trafficking in computer passwords (18 U.S.C. § 1036(a)(6)); 10) unauthorized computer access (18 U.S.C. § 1030(a)(5)(C)); 11) unauthorized access with intent to defraud (18 U.S.C. § 1030(a)(4)); 12) federal common law trademark infringement and false advertising; and 13) contributory trademark infringement.

In October 2012, the court denied a defense motion to dismiss the complaint. Dkt. 30. Defendant Vazquez subsequently asserted counterclaims against Sprint for unlawful sales and restraint of trade, Dkt. 36 at 16-18, while Middle Man asserted class-action counterclaims for declaratory judgment, tortious interference with business expectation, unlawful restraint of trade, and unlawful tying arrangements. Dkt. 37 at 19-23.  Sprint in turn filed a conditional assertion of counter-counterclaims against potential members of the class. Dkt. 71.

On March 13, 2013, after an evidentiary hearing, the court denied a motion by Sprint for a preliminary injunction, finding that Sprint had not shown irreparable harm. Dkt. 83.  On March 25, 2013, the court granted in part Sprint's motion to dismiss several counterclaims. Dkt. 85.   On July 24, 2013, the court denied Middle Man's motion to certify a class on its counterclaims. Dkt. 105. On October 31, 2013, the court granted a

partial judgment on the pleadings in favor of each side, finding that a resale prohibition in Sprint's customer contracts, which applied to "Devices on your account with [Sprint,]" prohibited the resale of phones that were activated on the Sprint network, but not phones that were not activated on the Sprint network. Dkt. 106. On February 25, 2014, the court granted a motion to reconsider that ruling, finding that the resale prohibition instead applied to all phones sold by Sprint, whether it was activated on the Sprint network or not. Dkt. 118 at 5-6. The court accordingly granted judgment to Sprint on Middle Man's first counterclaim. *Id*.  On March 19, 2014, the court again denied the defendants' motion to certify their counterclaims for class action treatment.  Dkt. 119. On June 11, 2014, the court denied Middle Man's motion to alter the judgment on Middle Man's first counterclaim. Dkt. 136.

On July 14, 2014, Magistrate Judge Sebelius issued the Pretrial Order. Dkt. 139. Among other things, the order noted Sprint had abandoned Counts 9, 10, and 11 asserting claims under the Computer Fraud and Abuse Act. *Id*. at 6.  It also directed Sprint to file a detailed damage calculation. An Amended Pretrial Order incorporating Sprint's damage calculation was filed shortly thereafter, in which Sprint stated it was seeking in excess of $724,000 in damages. Dkt. 143.

On December 9, 2014, the court granted in part and denied in part Sprint's motion for partial summary judgment. Dkt. 151. On Sprint's claim for breach of contract (Count 1), the undisputed facts showed that defendants had purchased three phones on their Sprint account that were resold without satisfying a 24-month service commitment on the Sprint network. The court found defendants had breached the purchase contract

3

by reselling these phones. *Id*. at 6. Sprint claimed these sales had caused $2,864.29 in damages, but the court found a genuine dispute as to whether Sprint was in fact damaged. *Id*. at 9. Sprint also sought summary judgment on Count 3, but the court concluded that Sprint was actually attempting to amend Count 3 and that it was too late in the litigation to do so. *Id*. at 11.

On December 18, 2014, with the trial date set for February 3, 2015, Sprint filed a motion for entry of final judgment on Count 1 and for voluntary dismissal of its remaining claims with prejudice. Dkt. 153. The motion explained that "[b]ecause the amount of damages at issue on Sprint's breach of contract claim is relatively small, Sprint has decided to forego an award of those damages and request that the Court enter Final Judgment in accordance with its previous Order. Having prevailed on its breach of contract claim, and successfully defended all of the counterclaims asserted by Defendants, Sprint is also willing to dismiss its remaining claims with prejudice, to spare the parties the time and expense of trial and to conserve judicial resources." *Id*. at 2. Because this would "fully resolve all of the remaining claims in the case," Sprint noted, "no determination by the Court under Rule 54(b) is necessary." *Id*. at 3. Sprint argued it was entitled to an award of nominal damages on Count 1. Defendants argued that Sprint was not entitled to an award of nominal damages. Dkt. 15. In reply, Sprint accused defendants of delaying the litigation and asserted that "[t]he time has come to end this case." Dkt. 155 at 5. On January 13, 2015, the court found that the motion to dismiss Sprint's remaining claims was not objected to and should be granted. Dkt. 157 at 3. As to Count 1, the court notified the parties it was considering entry of summary

judgment for Sprint awarding nominal damages. *Id*. at 4-5.   After briefing from the parties, the court found that Sprint was entitled to nominal damages of $1.00 on its breach of contract claim against Middle Man, and it ordered dismissal of all other claims against Middle Man and Brian Vazquez. Dkt. 166 at 10.   Judgment was entered on January 27, 2015. Dkt. 169. In April 2015, the court denied Middle Man's motion to alter or amend the judgment. Dkt. 173. Middle Man then appealed to the Tenth Circuit Court of Appeals.

In a decision dated May 10, 2016, the Tenth Circuit reversed this court's judgment. Dkt. 179.   The Tenth Circuit found the prohibition on resale in Sprint's customer contract was ambiguous because it applied to "Devices on your account with [Sprint]," which could reasonably mean all phones purchased from Sprint, but it could also reasonably mean only those phones that were activated on Sprint's network. *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 533 (10th Cir. 2016). The court also found a separate provision to be ambiguous (one stating that "customer devices … are not for resale") because it may have been nothing more than a statement of Sprint's intent. *Id*. Because the contract was ambiguous, Sprint was not entitled to summary judgment against Middle Man for breach of contract. *Id*. The Tenth Circuit reversed and remanded with instructions to vacate the entry of judgment for Sprint and to conduct further proceedings consistent with its opinion. *Id*. at 536. The court noted that Sprint's numerous other claims "are not involved in this appeal," and that defendant Brian Vazquez was not a party to the appeal. *Id*., at n. 1,2.

On June 27, 2016, this court entered an order vacating the judgment in favor of Sprint against Middle Man, and referred the case to Magistrate Judge Sebelius for a revised pretrial order. Dkt. 180. Judge Sebelius scheduled a pretrial conference, but a few days prior to the scheduled conference, Sprint filed a motion to vacate its voluntary dismissal of certain claims.

**II. Motion to Vacate (Dkt. 182).**

Sprint moves to vacate its voluntary dismissal of Count 1 as to Brian Vazquez, and Counts 7, 8, 12 and 13 as to both defendants. Dkt. 183. It relies upon Fed. R. Civ. P. 60(b)(5) & (6), which allows a district court to relieve a party from a final judgment for reasons including where the judgment "is based on an earlier judgment that has been reversed or vacated," or for "any other reason that justifies relief." Sprint argues that the voluntary dismissal was premised on this court's order granting summary judgment to Sprint on Count 1, which has now been reversed. With Count 1 reversed, Sprint contends, "there is no longer a basis for the voluntary dismissal and equity favors reinstatement." Dkt. 182 at 6. Sprint argues that allowing the dismissal to stand would result in a "windfall" for defendants and penalize Sprint, which sought the dismissal to minimize the drain on judicial and litigant resources. Sprint also cites the fact that defendant Vazquez has instituted a malicious prosecution suit against Sprint and its lawyers in state district court, which is premised in part on dismissal of Sprint's claims against Vazquez.[1] Sprint also complains that Vazquez has sought to publicize his

---

[1] Sprint previously removed the malicious prosecution suit to the court, but the court granted Vazquez's motion to remand the case. *Vazquez v. Baldinger*, 2:15-cv-09254-JTM-TJJ (D. Kan.) (Dkt. 34).

claims against Sprint. *Id.* at 7. Finally, it argues that defendants will not be prejudiced by reinstating the claims, because the parties were previously prepared to try them, and that defendant Vazquez is equally liable for Middle Man's conduct because he owns the company and was personally involved in the challenged conduct. *Id.* at 8-9.

**III. Discussion.**

After re-examining the history of the case and the arguments of the parties, the court concludes that Sprint's motion for relief from the judgment should be denied. Neither the vacatur of this court's ruling on Count 1 nor the circumstances attendant to the litigation as a whole warrants undoing Sprint's voluntary dismissal of claims in this matter.

Rule 60(b)(5) provides that a court may relieve a party from a judgment that "is based on" an earlier judgment that has been reversed or vacated. The term "based on" in this context means the present judgment was based on a prior judgment "in the sense of res judicata or collateral estoppel." *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1240 (10th Cir. 2010) (*quoting Klein v. United States*, 880 F.2d 250, 258, n.10 (10th Cir. 1989)). Sprint fails to show any such relationship between Count 1 and its other claims. Nor does the court see any interdependence between Sprint's breach of contract claim and the other claims that it now seeks to reinstate – *i.e.*, fraud and trademark claims. The latter claims have nothing to do with the court's contract ruling or with the Tenth Circuit's reversal of that ruling. Under the circumstances, the court finds that the judgment dismissing Sprint's other claims was not "based on" the order or judgment on its contract claim. Sprint has not shown a basis for relief under Rule 60(b)(5).

7

Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief." The court concludes that Sprint is not entitled to relief under this provision. As defendants accurately point out, Rule 60 is not intended to permit "do-overs" for tactical decisions. *See Sproull v. Union Texas Prods. Corp.*, 944 F.2d 911 (Table), 1991 WL 184098, *3 (10th Cir. 1991) ("Rule 60(b)(6) should not be used to relieve a party of the consequences of voluntary litigation choices or improvident tactical decisions."). Sprint made a tactical decision to voluntarily dismiss other claims and to pursue only its contract claim. When it did so, it was or should have been obvious that this court's ruling on the contract issue was subject to appeal and to potential reversal. Despite that obvious possibility, Sprint dismissed its other claims with prejudice. That was a decision totally within Sprint's control. The fact that the contract claim has now been reversed is not an unforeseeable or inequitable circumstance that would justify undoing Sprint's tactical decision. *See Schmier v. McDonalds LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (no relief warranted where problems with settlement agreement should have been obvious to defendant when he dismissed claims). As the Supreme Court observed in denying Rule 60(b)(6) relief to a defendant who failed to appeal an adverse immigration ruling because he thought he would have to sell his house to finance an appeal:

> Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of [a related case]. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

*Ackermann v. United States*, 340 U.S. 193, 198 (1950). Sprint similarly made a deliberate choice and is not entitled to relief from it.

The court has also considered the other circumstances cited by Sprint but finds no grounds for relief. For example, Sprint complains that Vazquez has instituted a malicious prosecution suit based in part on Sprint's voluntary dismissal of claims. If that suit is meritless, as Sprint contends, then the state district court with jurisdiction over the case can make the appropriate ruling. But the fact that Vazquez asserted such a suit does not justify reinstating claims that Sprint voluntarily gave up. As for Vazquez publicizing his claims against Sprint, that fact merits no consideration. Nor is the court persuaded by Sprint's argument that defendants would suffer no prejudice from reinstatement of the claims or that the additional resources needed to prepare for trial would be "minimal." The history of the litigation suggests otherwise.

**IT IS THEREFORE ORDERED** this 19th day of September, 2016, that Sprint's Motion to Vacate Voluntary Dismissal (Dkt. 182) is DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE