IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                            Case No. 2:12-cv-02159-JTM-KGS

THE MIDDLE MAN, INC., and
BRIAN K. VAZQUEZ,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant The Middle Man Inc.'s renewed motion for class certification (Dkt. 198), and on plaintiff Sprint's motion to strike defendant's jury demand (Dkt. 199). For the reasons set forth below, the court concludes that the motions should be denied.

**I. Renewed Motion for Class Certification (Dkt. 198).**

The Middle Man, Inc. ("TMMI") made class action allegations in counterclaims filed on November 7, 2012. Dkt. 37. It moved to certify a class on March 1, 2013. Dkt. 81. On July 24, 2013, the court denied the motion, finding TMMI had not shown that the numerosity requirement of Fed. R. Civ. P. 23(a) was satisfied. Dkt. 105 at 3. In light of that finding the court did not address whether the requirements of Rule 23(b) were met. *Id*.

On November 13, 2013, TMMI filed a renewed motion for certification, asserting that "at least 503 small businesses located in 45 states are members" of the putative

class. Dkt. 109 at 7. The court denied the renewed motion on March 19, 2014, finding the certification issue to be moot in light of the court's rulings against TMMI on its counterclaims, including its ruling that the terms of the Sprint purchase contract prohibited the resale of phones purchased on a Sprint account. Dkt. 119 at 3.

Based on a series of rulings, the court then granted summary judgment in favor of Sprint on its claim for breach of contract and awarded it nominal damages of $1.00. Dkt. 166. The court also granted Sprint's motion for voluntary dismissal of its other claims. Dkt. 157. Judgment was entered on January 27, 2015. Dkt. 169. TMMI appealed, and on June 8, 2016, the Tenth Circuit's mandate reversing and remanding was filed. Dkt. 179. The Tenth Circuit found there were genuine issues of fact precluding summary judgment in favor of either party on Sprint's breach of contract claim.

On June 27, 2016, the court referred the matter to Judge Sebelius for formulation of an updated pretrial order. Dkt. 180. Before that could be accomplished, however, Sprint moved to vacate the voluntary dismissal of its other claims. Dkt. 182. The court rejected that motion on September 19, 2016, finding no grounds to undo Sprint's decision to dismiss everything but its breach of contract claim. Judge Sebelius then conducted a final pretrial conference and filed an updated pretrial order on November 4, 2016. Dkt. 197. The order set forth a schedule that included an in limine conference on March 1, 2017, and a three-day trial to begin March 7, 2017. The pretrial order said nothing about class actions claims or a motion or schedule for class certification.

One week later, on November 11, 2016, TMMI moved for renewed class certification of Count I of its counterclaim with respect to "all individuals and entities

2

nationwide engaged in the retail sale of pre-owned wireless mobile phones originally programmed to operate on the Sprint network." Dkt. 198 at 4.

Having reviewed the briefs and the arguments of the parties, the court concludes that the renewed motion for class certification should be denied. If TMMI wanted to resurrect the prospect of a class action, it should have done so before now, and certainly should have raised the issue in connection with the updated pretrial order. A pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The court accepts TMMI's assertions that Rule 23 grants the court some flexibility in issuing or amending class certification orders (*see* Fed. R. Civ. P. 23(d)(2)), and that Rule 16(e) is not an exorable command against modification of a pretrial order. *Cf. Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (standard is not meant to preclude any flexibility; "trials are high human dramas [and] surprises always emerge"). But the circumstances here simply do not warrant modification of the pretrial order.

Relevant factors in considering whether to amend a pretrial order include: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. 2000). *See also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir.1996) ("We interpret the assertion of an issue not listed in the pretrial order as the equivalent of a formal motion to amend

3

the order...."). The first two factors here weigh against modification of the order, as converting the matter to a class action at this late date would surely prejudice Sprint. The fourth factor weighs in favor of modification, as there is no indication that TMMI seeks certification in bad faith. The third factor, however, weighs strongly against modification of the pretrial order. After *years* of tenacious litigation by the parties, this case has now been finally reduced to a straightforward trial on the meaning of the terms in the parties' contract. The parties agreed to the schedule adopted in the pretrial order, including trial of the remaining issues on March 7, 2017. Not only would compliance with that schedule be impossible if the case were certified for class action treatment, but the litigation would in some respects be set back to square one. TMMI has not shown that modification of the pretrial order to allow it to assert a class action counterclaim at this point is necessary to prevent manifest injustice.

**II. Motion to Strike Jury Demand (Dkt. 199).**

Sprint moves to strike TMMI's demand for a jury trial, arguing that the parties waived the right to a jury trial under the Terms and Conditions of the Sprint purchase contracts. In response, TMMI argues that a bench trial is inconsistent with the Tenth Circuit's remand and that Sprint has consented to a jury trial "at least ten times in this lawsuit." Dkt. 202 at 3.

Like TMMI's request for class certification, Sprint's effort to withdraw its own jury demand and to strike the jury demand of TMMI comes too late. Sprint demanded a jury trial in all of its pleadings, it agreed to a jury trial in previous pretrial orders (Dkts.

139, 143), and it made no prior effort in five years of litigation to limit its own jury request or to strike TMMI's jury demand.

Sprint's pleadings demanded "a trial by jury on all triable issues." *See e.g.* Dkt. 1 at 30. It now asserts that the word "triable" excluded its breach of contract claim because of a provision in the Terms and Conditions stating that "to the extent allowed by law, we each waive any right to trial by jury in any lawsuit…." Dkt. 199-1 at 12; Dkt. 199 at 2. The court rejects the argument that use of the word "triable" in this manner effectively excluded the breach of contract claim. Such a limitation was not spelled out in Sprint's pleadings, was not reasonably discernable from the language itself, and is inconsistent with Sprint's failure to timely assert any limitation or objection to TMMI's jury demand until now. Notwithstanding the waiver provision in the parties' contract, the parties still might have chosen to forego the waiver and submit their claims to a jury, or one party might have sought to have the waiver declared invalid, making the claims "triable" by jury. Rule 38 permits a party to demand a jury trial on any issue triable of right by a jury. It further provides that once made, a proper demand "may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Moreover, even when a jury trial is not demanded, the court may, on motion, order a jury trial "on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Having made an ostensibly proper jury demand and litigated under that posture for five years, Sprint cannot withdraw the jury demand at this point. *See CBR Fundgin, LLC v. Jones*, 2015 WL 5431969, * (W.D. Tenn. Sept. 15, 2015) ("Plaintiff engaged in the express act of demanding a jury trial, rather than merely remaining silent or failing to object to the

other side's demand. [cite omitted] Therefore, this Court finds that Plaintiff engaged in a clear, unequivocal, and decisive act that demonstrated an intent to waive its right to enforce the contractual jury waiver provision."); *Dell'Orfano v. Romano*, 962 F.2d 199, 202 (2nd Cir. 1992) ("A [party] is entitled to rely on [another party's] jury demand to preserve his own right to jury trial").

**IT IS THEREFORE ORDERED** this 12th day of January, 2017, that The Middle Man's Renewed Motion for Class Certification (Dkt. 198) and Sprint's Motion to Strike Jury Demand (Dkt. 199) are DENIED.

                                             ___s/ J. Thomas Marten_____
                                             J. THOMAS MARTEN, JUDGE