IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

Plaintiff,

v.                                                        Case No. 2:12-cv-02159-JTM

THE MIDDLE MAN, INC.,

Defendant.

**MEMORANDUM AND ORDER**

In the wake of this court's rulings on the parties' various motions in limine, this matter comes before the court on Sprint's offer of proof concerning witness Hal Leshner (Dkt. 220), and Middle Man's motion to reconsider the admissibility of Sprint's exhibit 17 (Dkt. 222).

_Leshner offer of proof_. At the _in limine_ hearing, the court stated that absent a showing by Sprint of the relevance of Leshner's investigation, he would not be permitted to testify. In its offer of proof, Sprint now represents that Leshner would explain that he was asked to investigate after Sprint saw an advertisement on Craigslist that offered large quantities of phones for sale. The seller was identified as Brian Vazquez with Vazcom Communications. Leshner (using the alias "Rich Baskins") spoke to Vazquez, who referred him to Middle Man's website, where Leshner ordered a phone. When the phone arrived, Leshner provided the serial number to Sprint, which determined that the phone had "originated on a Sprint retail demo account and was not to be resold." Dkt. 220 at 2. Leshner spoke to Vazquez again and ordered another

phone. Sprint determined that this phone came from an account used by Wilson Lighting, and that Wilson Lighting had paid a subsidized price of $120 for the phone but had never activated it on the Sprint network. Leshner subsequently negotiated with Vazquez for the purchase of 50 Sprint phones. Vazquez indicated he could fill such an order and quoted a price of $200 per phone.

These facts and additional information relating to Sprint's investigation (including receipts and email correspondence) are set forth in Exhibit 6. Leshner's findings are in Exhibits 7 and 9. Exhibit 11 is a copy of the email correspondence between Leshner ("Rich Baskins") and Vazquez.

Based on a review of Sprint's proffer, the court is now satisfied that Leshner's testimony and the cited exhibits may be relevant to show the parties' course of dealing, and that their dealings could be used by a jury to infer the parties' respective understanding of the Terms and Conditions governing Middle Man's contract with Sprint. The court therefore reconsiders its initial ruling *in limine*, and denies Middle Man's motions to exclude Leshner's testimony and the portions of exhibits 6, 7, 9 and 11 attached to Dkt. 220.  The court rejects Middle Man's argument (Dkt. 221 at 2) that this evidence has no possible relevance to the resale of the three specific phones governed by Sprint's contract with Middle Man. The jury could infer Middle Man's understanding of the prohibition on resale of phones in the Sprint-Middle Man contract from the manner in which Middle Man sold other Sprint phones.

*Middle Man's Motion to reconsider admissibility of exhibit 17*.  The court does not recall any specific discussion of exhibit 17 at the *in limine* conference. Middle Man

argues that it should be excluded because it relates to the seven phone lines belatedly raised by Sprint (discovered while the case was on appeal), and that it was not timely produced by Sprint.

Sprint represents that although exhibit 17 contains "very few details" related to the seven other phone lines, it also shows the serial number history of the three phones that are at issue on Sprint's claim. It also asserts that Middle Man has had adequate notice of the exhibit because it was previously produced in a different form. Dkt. 223 at 1. Without having heard the evidence surrounding this exhibit, the court will deny the motion to exclude it, as it appears to contain some relevant evidence, and Middle Man has not shown unfair surprise warranting exclusion of the exhibit.

**IT IS THEREFORE ORDERED** this 3rd day of March, 2017, that the court's ruling at the *in limine* conference of March 1, 2017, is modified to the extent stated in this order. Middle Man's Motion to Reconsider (Dkt. 222) is denied.

s/   J. Thomas Marten
Chief United States District Judge