IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

      Plaintiff,

v.                                        Case No. 2:12-cv-02159-JTM

THE MIDDLE MAN INC.,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Sprint's Motion to Exclude Defendant's Exhibits 403-412 (Dkt. 225). After reviewing the motion and Middle Man's response (Dkt. 227), the court makes the following rulings.

Exhibit 403 is Middle Man's answer and counterclaim. The court will grant the motion to exclude these pleadings (as well as the complaint, Exhibit 402), as the parties' positions will be summarized for the jury in the instructions, and they have no need to examine the pleadings.

Exhibit 404 is Sprint's previous statement of damages. This will be excluded as irrelevant given that Sprint is only seeking nominal damages.

Exhibit 405 is the Pretrial Order. This exhibit is not relevant evidence in the case and will be excluded.

Exhibit 406 is the Tenth Circuit appellate opinion. The Circuit's opinion is not evidence in the case and will be excluded. The court will instruct the jury upon the law.

Exhibit 407 is Sprint's Notice of Demand for Arbitration. Middle Man fails to show any relevance for this document. It merely asserts the document is "relevant to the breach of contract claim and affirmative defenses." Dkt. 227 at 1. The exhibit will therefore be excluded.

Exhibits 408-410 are Sprint advertisements. Sprint argues they lack foundation and are not relevant. The court will deny the motion to exclude these exhibits, assuming that Middle Man can lay a proper foundation for their admission.

Exhibits 411 and 412 are Sprint invoices to Middle Man. In response to Sprint's argument that the invoices are not relevant, Middle Man's only response is that the invoices "are essential to defendant's breach of contract." Dkt. 227 at 2. That is not an explanation of the documents' relevance. The motion to exclude the invoices is granted, subject to Middle Man making a showing of relevance at the time of trial.

**IT IS THEREFORE ORDERED** this 6th day of March, 2017, that Sprint's Motion to Exclude Exhibits (Dkt. 225) is GRANTED IN PART and DENIED IN PART as set forth above.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE