IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

   Plaintiff,

v.               Case No. 2:12-cv-02159-JTM

THE MIDDLE MAN INC.,

   Defendant.

## MEMORANDUM AND ORDER

   This matter came before the court on Middle Man's motion in limine (Dkt. 229) to exclude evidence of Brian Vazquez's 2004 conviction for obstruction of a law enforcement officer by making false statements. The court orally granted the motion on the record and gave the parties additional explanation in an email. This written memorandum will supplement the court's prior ruling.

   Middle Man argues the conviction should be excluded as irrelevant, prejudicial, beyond the ten-year limit of Fed. R. Evid. 609(b), and because Sprint failed to give adequate notice of its intent to use the conviction. In response, Sprint argues the evidence is admissible under Rule 609 despite the age of the conviction because it involved false statements to a government agency, and the probative value therefore outweighs any prejudice to defendant, and because Sprint gave adequate notice of the conviction.

   Rule 609(a)(2) requires a court to admit evidence of convictions involving dishonesty, regardless of punishment. The false statement conviction was clearly a

misdemeanor, the consequence of giving an officer his brother's name during the course of an arrest, and the sentence was probation, which Mr. Vazquez successfully completed. Rule 609(b) strongly supports excluding the conviction. It places an advisory ten-year limit on the age of conviction or finishing a sentence, and the guidance in the Advisory Committee Notes suggests the evidence should be allowed only in extreme cases. This was not an extreme case, and the danger of unfair prejudice is exacerbated by the clear implication that The Middle Man is in some manner defrauding Sprint. To allow Sprint to present this evidence to the jury is not probative of any issue relating to the meaning of the "Terms and Conditions" of phone ownership and restrictions on sale -- the evidence is much more likely to emphasize Sprint's suggestion of dishonest dealings against The Middle Man.

**IT IS THEREFORE ORDERED** this 8th day of March, 2017, that defendant's Motion in Limine (Dkt. 229) is GRANTED.

\_\_\_\_\_s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE