IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                             Case No. 2:12-cv-02159-JTM

THE MIDDLE MAN, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Sprint's Motion for New Trial (Dkt. 249). Sprint contends errors in the instructions and in the admission or exclusion of evidence warrant the granting of a new trial. For the reasons stated herein, the court finds the motion should be denied.

**I. Standard**

Rule 59 provides that the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The primary purpose of the rule is to allow for correction of manifest errors. *See Waugh v. Williams Companies, Inc. Long Term Disability Plan*, 323 F.App'x 681, 684 (10th Cir. 2009). Motions for new trial are not regarded with favor and should be granted only with great caution. *Breen v. Pruter*, ___F.App'x___, 2017 WL 655405, *13 (10th Cir. Feb. 17, 2017). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done,

and the burden of showing harmful error rests on the party seeking the new trial." 11 Fed. Prac. & Proc. Civ. § 2803 (3d ed.).

**II. Discussion**

1. *Jury instructions on contract interpretation*. Sprint contends Jury Instruction No. 12 (along with No. 13) "was confusing and elevated the *contra preferentum* rule above primary rules of contract construction, both in terms of analytical order and prominence, and failed to accurately or completely embody the relevant Kansas law of contract interpretation." Dkt. 249 at 7. It contends the jury might have based its verdict on the *contra preferentum* doctrine (construing the document against the drafter) without first giving appropriate weight to extrinsic evidence of the parties' interpretations of the contract. *Id*. Sprint argues the instructions were contrary to *First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 602 P.2d 1299 (1979), and that the jury should have been instructed to consider extrinsic evidence and then, if the agreement was still ambiguous, to construe the agreement against the drafter. Dkt. 249 at 9.

The court sees no inconsistency with *First Nat'l Bank*. The jury was told it had to determine the meaning the parties attached to the contract terms, and that in doing so it could consider "all of the evidence, including the words used in the agreement, the conduct of the parties, and the explanations offered by the parties," as well as "any prior course of dealing between the parties, customary and known practices in the telephone industry, and whether technical terms or words of art were used that were intended to carry a specialized meaning." Dkt. 241 at 14. Thus, the jury would have considered the extrinsic evidence in determining the meaning attached by the parties.

2

And it necessarily had to do so before it could apply *contra preferentum* under the last paragraph of Instruction No. 12. The jury was instructed to apply that doctrine only if the parties did not have the same understanding of the terms (Instruction No. 11), and if Sprint failed to show that Middle Man was aware or had reason to know of Sprint's understanding of the terms (Instruction No. 12).

The basis of Sprint's complaint is not entirely clear, but seems to be based in part on the order of the instructions, and the fact that the "extrinsic evidence" instruction (No. 13) was given after the *contra preferentum* instruction (No. 12). See Dkt. 249 at 11. To the extent that is a source of complaint, it is unavailing, as the jury was told that "[n]o single instruction or smaller group of instructions states the law; you must consider all the instructions as a whole." Dkt. 241 at 2. Sprint also complains that Instruction No. 12 "directed the jury to … assume that the parties assigned the terms a contrary meaning at the time they entered into the contract…." *Id*. But Instruction No. 11 told the jury it "must first determine whether, at the time the agreement was made, the parties had a common understanding" of the contract terms. Dkt. 241 at 12. Only if the jury found the parties attached different meanings was it instructed that it must "next determine whether the terms should be interpreted in accordance with the meaning attached to them by Sprint." *Id*. at 13.

Sprint also objects to the court's failure to give its proposed instruction 14 (Dkt. 234) telling the jury that Middle Man's interpretation had to be reasonable to be credited. Aside from the fact the proposed instruction was not an even-handed statement of law (it contained no requirement that Sprint's interpretation be

3

reasonable), Sprint makes no showing that the failure to give this instruction was in any way prejudicial to Sprint.

2. *Exclusion of Rule 609 evidence*. Sprint argues the court committed prejudicial error by excluding evidence of a prior conviction that Sprint sought to introduce. As indicated in the court's prior order (Dkt. 232), Sprint sought to show that Brian Vazquez was convicted in 2004 of the misdemeanor offense of obstruction of a law enforcement officer by making false statements, which resulted from Vazquez using his brother's name in the course of an arrest. Vazquez was sentenced to probation and successfully completed it. Dkt. 232 at 2. The court excluded the evidence under Rule 609(b)(1), finding there was a danger of unfair prejudice given the remoteness in time of the incident and its lack of relevance to the dispute over the Terms and Conditions of the contract. An additional consideration was that Sprint had already made suggestions of fraud to the jury when that was not an issue in the case. Sprint makes no showing that this ruling was error, let alone prejudicial error. It notes that the conviction was barely outside the 10-year limit of Rule 609(b) and argues that defense counsel "seized upon this fortuitous one-month window" to argue for its exclusion. Dkt. 249 at 13. Inasmuch as "seizing upon" this "fortuity" is another way of saying that defense counsel asked that the rule be applied, and in light of the fact that the conviction was not even tangentially related to any substantive issue in the case, Sprint has failed to show that exclusion of the evidence was an abuse of discretion or that it warrants a new trial.

3. *Admission of "dispute resolution" testimony*. Sprint contends the court erroneously allowed Brian Vazquez to testify that Sprint did not follow the dispute

4

resolution procedures in the Terms and Conditions. Sprint acknowledges that the court eventually instructed the jury to disregard this testimony, but contends the instruction came too late because the testimony had already "poison[ed] the well." Dkt. 249 at 19.

Even assuming error on this point, Spring makes no credible showing of prejudice. It is true that the jury heard a limited amount of this testimony, but the court later told the jury that Sprint's actions concerning dispute resolution were not an issue in the case. *See* Dkt. 248 at 18 (testimony suggesting Sprint breached the agreement "has nothing to do with any issue in this case. And so I am instructing you to disregard that testimony in your deliberations."). The court sees no reason why the jury would not have been able to follow that its instruction. *See United States v. Dahda*, 853 F.3d 1101, 1117 (10th Cir. 2017) (court presumes the jury follows its instructions in the absence of overwhelming probability to the contrary) (citations omitted).

4. *Cumulative error*. Sprint argues the cumulative effect of the foregoing issues warrants a new trial. Sprint has failed to show error or prejudice, however, that would justify a new trial.

5. *Weight of the evidence*. Finally, Sprint argues that the jury's verdict was against the weight of the evidence. In so arguing, Sprint attempts to reconstruct the jury's thought process in rendering a verdict against Sprint. Dkt. 249 at 21-22. But the court cannot speculate as to what particular facts swayed the jury's determination or whether it simply concluded that Sprint had not met its burden of showing a breach of the agreement by a preponderance of the evidence.

"[W]hen a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1061-62 (10th Cir. 2016) (citation omitted). That is not the case here. As the Tenth Circuit noted, the ambiguous Terms and Conditions of the contract can be reasonably interpreted as forbidding resale of a phone only if the phone is "active" on the Sprint network. The evidence would permit a jury to reasonably conclude that the Middle Man phones sold by Vazquez – which Sprint deactivated and then reactivated for the new purchasers - were not "active" within the meaning of the contract terms.

**IT IS THEREFORE ORDERED** this 26th day of May, 2017, that Sprint's Motion for New Trial (Dkt. 249) is DENIED.

\_\_\_s/ J. Thomas Marten\_\_\_\_\_
J. THOMAS MARTEN, JUDGE