IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT NEXTEL CORPORATION,

        Plaintiff,

v.                                                     Case No. 2:12-cv-02159-JTM

THE MIDDLE MAN, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Middle Man's Motion for Attorney Fees (Dkt. 247) and its Motion for Leave to File Billing Records (Dkt. 266). Middle Man argues attorney fees should be awarded pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927. Sprint opposes the motion. Dkt. 262. For the reasons set forth herein, the motion is denied.

**I. Summary of Arguments.**

Middle Man contends attorney fees are warranted because the trademark claims in Sprint's complaint "were factually baseless, legally baseless, and pursued in a manifestly unreasonable manner." Dkt. 261 at 9. It contends Sprint knowingly filed the claims without any evidence or reason to believe they were true, forcing Middle Man "to vigorously defend" the trademark claims. *Id*. Middle Man seeks an award of $255,000, which it says "represent[s] a small fraction of the time actually spent in defending this litigation." *Id*. at 10. It contends the amount is reasonable under a lodestar calculation based on 500 hours of work for James Kernell, 250 hours for David

Marcus, and 200 hours for Kyle Donnelly. It says reasonableness is further shown by the fact Sprint previously sought $508,000 in attorney fees, and "[a]ccordingly, Middle Man is seeking an award of fees representing only half of what Sprint requested." *Id*. Middle Man argues it could seek an award for all of its attorney fees "because Sprint's trademark and non-trademark claims were 'inextricably intertwined,'" but it says "in order to simplify the analysis, and the permit the Court and the Parties to focus on Sprint's claims and litigation behavior," it seeks only the $255,000, which "represents less than half of the hours expended by Middle Man's counsel" in the case. *Id*. at 11.

In response, Sprint first contends the motion is untimely because Middle Man failed to file it when judgment was first entered two years ago. Dkt. 262 at 4. Moreover, it argues the motion is procedurally deficient because Middle Man failed to comply with D. Kan. R. 54.2(e), which requires that a motion for fees be accompanied by time records and affidavits. Finally, it argues the circumstances do not merit an award of fees under § 1117(a). Dkt. 262 at 9-11.

**II. Discussion.**

The Lanham Act provides in part that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "Exceptional" in this context means a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014) (construing identical language in Patent Act); *Marten Transport, Ltd. v. Plattform*

*Advertising, Inc.*, No. 14-2464-JWL, 2016 WL 4000927, *20 (D. Kan. July 26, 2016). District courts determine whether a case is exceptional through the exercise of their discretion, considering the totality of the circumstances. *Octane Fitness*, 134 S.Ct. at 1756.

After considering the totality of the circumstance - including the "take no prisoners" approach used at times by both sides in this case - the court concludes this was not an exceptional case within the meaning of § 1117(a) and that no attorney fees should be awarded. The following factors, among others, weigh against such an award and are sufficient to merit denial of the motion. Sprint alleged two federal trademark claims (as well as common law unfair competition) among the thirteen claims in its initial complaint. Early on, the court denied a motion to dismiss the complaint and found the allegations in each count were facially plausible. Dkt. 30 at 6. The court subsequently denied a motion for preliminary injunction by Sprint, finding Sprint failed to present evidence of irreparable harm. Dkt. 83. Nevertheless, Sprint articulated a rational basis at that time for believing that Middle Man's sales and use of the Sprint mark could cause confusion among customers and cause Sprint economic harm. *See* Dkt. 5-1. Sprint also cited evidence that Middle Man was using the Sprint name or logo in on-line advertisements and representing that it had expertise in "unlocking" phones. Dkt. 5-2 at 18. Middle Man subsequently moved for sanctions, arguing that each of Sprint's thirteen claims was without a basis and accusing Sprint and its lawyers (referred to by Middle Man as "swindlers" and "co-conspirators") of willfully filing false claims. Dkt. 110. The court concluded Sprint had alleged facts stating proper legal

3

claims and had "provided enough facts to overcome allegations of a spurious lawsuit." Dkt. 119 at 6.

From that point on, the litigation largely focused not on trademark issues but on interpretation of the Sprint Terms and Conditions and whether they prohibited customers from reselling phones purchased from Sprint. Sprint included its trademark claims in the first pretrial order, but it voluntarily dismissed those claims after obtaining a favorable ruling on its breach of contract claim. Following remand from the circuit, Sprint tried to resurrect the trademark claims but the court denied its request to do so, and the parties proceeded to trial on the contract issues.

Whether Sprint could have ultimately proved a trademark claim is uncertain because the claims were voluntarily dismissed without a summary judgment motion or trial addressing those issues. What can be said is that the record shows Sprint had a non-frivolous and objectively reasonable basis for asserting trademark claims. The fact that Middle Man ultimately prevailed on its breach of contract claim does not alter that fact, nor does it lend any support for an award of attorney fees on account of the trademark claims. As for the manner of litigation, there was clearly zealous advocacy on both sides, but the court is not persuaded that Sprint litigated the trademark claims in an unreasonable manner. Taking into consideration all of the facts, and considering its equitable discretion, the court concludes this was not an exceptional case that merits an award of attorney fees.

**IT IS THEREFORE ORDERED** this 11th day of September, 2017, that Middle Man's Motion for Attorney Fees (Dkt. 247) is DENIED. Middle Man's Motion for Leave to File Billing Records (Dkt. 266) is GRANTED.[1]

                                                                                 s/ J. Thomas Marten
                                                                               J. THOMAS MARTEN, JUDGE

---

[1] Even if the case were considered exceptional, Middle Man's failure to meaningfully segregate or account for the time it spent on trademark claims as opposed to other issues would preclude an award of attorney fees. *See Layne Christensen Co. v. Bro-Tech Corp.*, 871 F.Supp.2d 1104, 1123 (D. Kan. 2012) ("this case involved substantial litigation of claims other than the parties' patent claims, and plaintiffs have made no attempt to determine the reasonable fees and expenses incurred with respect to the patent claims only").